## Case No. 6,106.

### HARRINGTON v. FIRE ASS'N.

[4 Wkly. Notes Cas. 432.]

Circuit Court, E. D. Pennsylvania. Oct. 4, 1877.

BANKRUPTCY —ASSIGNEE'S TITLE—PRIOR ATTACH-
MENT—AMENDMENT OF WRIT.

[A writ of foreign attachment issued from a Pennsylvania court named the defendants in the action as "—— Bowers and —— Wheeler, trading as Bowers, Wheeler & Co." In this state it was served upon the garnishee, but before the return day the writ was amended, under the state statute (Act May 4, 1852, § 2), by inserting the full names of Bowers and Wheeler, and adding the name of another partner. More than four months after the service of the attachment, but less than four months after the amendments, proceedings in bankruptcy were begun against the defendants. Held, that the attachment was good as against the claim of the assignee in bankruptcy.]

In bankruptcy. On March 11, 1876, a writ of foreign attachment issued out of the common pleas of Philadelphia county, at the instance of Stein & Co., plaintiffs, against "—— Bowers and —— Wheeler, trading as Bowers, Wheeler & Co.," and the Fire Association of Philadelphia was served as the garnishee. Subsequently, and prior to the return day, the record was on motion amended by inserting the first and middle names of Bowers and Wheeler, and adding the name of Nathan Wheeler to the defendants, upon the condition that the plaintiffs should enter a new bond, which was done. Judgment was subsequently obtained against the defendants. More than four months after the service of the attachment, but less than that time after the amendment, proceedings in bankruptcy were begun against the defendants, and they were adjudged bankrupts. The question here was whether the amended attachment bound the funds in the hands of the garnishee as against the assignee.

Mr. Sulzberger, for plaintiffs in the attachment, argued that they were entitled to the fund, the bankrupt act preserving attachments made more than four months prior to the beginning of proceedings in bankruptcy. It was true that the writ was originally defective in omitting the name of one of the defendants, but this had worked no injury, as the firm had been correctly designated, and the writ amended, before other rights had intervened. The amendment act of May 4, 1852, § 2 (Pa.), was meant to cover just such cases, and was applicable in the United States courts. It was true that in Dunn v. Duncan, 2 Wkly. Notes Cas. 81, the court of common pleas had only allowed the amendment without prejudice to intervening rights, but there the assignment had been made before the amendment should have been allowed nunc pro tunc.

J. G. Johnson, for assignee.

In Dunn v. Duncan the amendment was only allowed to operate from its date, and

intervening rights were not disturbed. Here, by the effect of the bankrupt act, the assignee's title as against attaching creditors reverts back four months, and four months before the commencement of bankruptcy proceedings the attachment was bad, as one of the defendant firm had been omitted. The amendment act, supra, was only intended to apply to formal errors. Here the omission is fatal, and cannot be cured. The attachment being a proceeding against defendants' interest in rem, and the res in this case being the property of all the members of the firm, some of whom were not included in the writ, there was no attachment of the partnership interest therein.

THE COURT, (McKENNAN, Circuit Judge, and CADWALADER, District Judge,) entered a decree sustaining the attachment.